**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0002063**
**29-JUN-2015**
**10:07 AM**

NO. CAAP-13-0002063

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
SHANE SUNADA, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(Ewa Division)
(CASE NO. 1DTA-13-00278)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)


Plaintiff-Appellee State of Hawai'i (State) charged Defendant-Appellant Shane Sunada (Sunada) with operating a vehicle under the influence of an intoxicant, in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and/or (a)(3) (2007). Sunada appeals from the Judgment that dismissed his case without prejudice, which was filed on June 18, 2013, in the District Court of the First Circuit (District Court).[1]

---

[1] The Honorable Randal I. Shintani presided.

On appeal, Sunada contends that the District Court erred in dismissing his case without prejudice, instead of with prejudice, and in failing to make adequate findings to support its dismissal without prejudice.

The District Court based its dismissal on the State's inability to comply with the speedy-trial time limits set forth in Hawai'i Rules of Penal Procedure (HRPP) Rule 48 (2000). In addition, both parties focus their arguments on appeal on the factors set forth in State v. Estension, 63 Haw. 264, 269, 625 P.2d 1040, 1044 (1981), which apply to dismissals under HRPP Rule 48. Accordingly we apply the standards for dismissal under HRPP Rule 48.

In State v. Hern, 133 Hawai'i 59, 323 P.3d 1241 (App. 2013), this court held that "in determining whether to dismiss a charge with or without prejudice under HRPP Rule 48(b), the trial court must not only consider the Estencion factors, [2/] but must also clearly articulate the effect of the Estencion factors and any other factor it considered in rendering its decision." Hern, 133 Hawai'i at 64, 323 P.3d at 1246. Here, the District Court did not comply with these requirements, and we conclude that the record is inadequate to permit meaningful review of the District Court's exercise of discretion in dismissing the case without prejudice.

Accordingly, we vacate the District Court's Judgment, and we remand the case with instructions that the District Court: (1) consider the Estencion factors in determining whether to dismiss Sunada's OVUII charge with or without prejudice; and (2) make findings that clearly articulate the effect of the Estencion

---

2/ The "Estencion factors" are: "'[(1)] the seriousness of the offense; [(2)] the facts and the circumstances of the case which led to the dismissal; and [(3)] the impact of a reprosecution on the administration of [HRPP Rule 48] and on the administration of justice.'" State v. Hern, 133 Hawai'i 59, 60, 323 P.3d 1241, 1242 (App. 2013) (brackets in original) (quoting State v. Estencion, 63 Haw. 264, 269, 625 P.2d 1040, 1044 (1981)).

factors and any other factor it considered in rendering its decision.

DATED: Honolulu, Hawaiʻi, June 29, 2015.

On the briefs:

Richard L. Holcomb
for Defendant-Appellant

Loren J. Thomas
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge

3